E-FILED
Tuesday, 24 November, 2026 03:23:39 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **STILLWATER PROPERTY & CASUALTY INSURANCE COMPANY,**<br>**Plaintiff,** | ) | |
| **v.** | ) | **Case No. 26-cv-3175** |
| **LATORIE S. SINGLETON, TINY TOTTS BIG THOUGHTS, LLC, and ALENA NELSON, as Mother and Next Friend of JNP, a Minor,**<br>**Defendants.** | ) | |

**OPINION**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Plaintiff Stillwater Property & Casualty Insurance Company's Motions for Default Judgment against Defendants Latorie S. Singleton and Tiny Totts Big Thoughts, LLC, who have been defaulted, and for Judgment on the Pleadings against Defendant Alena Nelson, as Mother and Next Friend of JNP, a minor. (Doc. 13). For the following reasons, the Motions are GRANTED in part and DENIED in part.

## I. BACKGROUND

Stillwater Property & Casualty Insurance Company ("Stillwater") seeks a declaratory judgment that it has no duties to defend or indemnify Defendants Latorie S. Singleton and her day care company, Tiny Totts Big Thoughts, LLC ("Tiny Totts"), in an underlying state action brought by Alena Nelson on behalf of her minor child, JNP. (Doc. 1 at ¶¶ 1–2, 15–16). In the underlying lawsuit, Nelson seeks damages against Singleton

and Tiny Totts for injuries alleged to have been sustained by her child on April 22, 2024, on the premises of the day care. (*Id.* at ¶ 2).

Singleton had been issued a homeowners' insurance policy by Stillwater that was effective during the time of the injury. (*Id.* at ¶ 18). The policy provided coverage for personal injury claims and medical payments but excluded from coverage personal injuries "arising out of or in connection with a 'business' conducted from an 'insured location' or engaged in by an 'insured.'" (*Id.* at ¶ 19). "Business" is defined as "[a] trade, profession or occupation engaged in on a full-time, part-time or occasional basis" or "[a]ny other activity engaged in for money or other compensation." (*Id.* at ¶ 20). The policy provides that a "home day care" is a business if it is the insured's "trade, profession or occupation," or is an activity that the "insured engages in for money or other compensation" and "receives more than $2,000 in total/combined compensation and any other activity for the 12 months before the beginning of the policy period." (*Id.*). The policy defines "insured" as the policyholder and residents of her household who are her relatives or persons under the age of 21 in her care or the relative's care. (*Id.* at ¶ 30).

Singleton and Tiny Totts have not appeared in this case and default has been entered against them. (Doc. 12). Nelson has appeared and filed an answer to the complaint. (Doc. 9). Stillwater moved for default judgment to be entered against Singleton and Tiny Totts and for judgment on the pleadings against Nelson. (Doc. 13). Nelson opposes each motion. (Doc. 17).

## II. DISCUSSION

### A. Legal Standards

Federal Rule of Civil Procedure 55(b) permits the Court to enter default judgment against a defaulted party. "Upon default, the well-pleaded allegations of a compliant relating to liability are taken as true." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quotation omitted). "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *Id.* (quotation omitted). Generally, "[i]n a suit against multiple defendants a default judgment should not be entered against one until the matter has been resolved as to all." *Id.* at 256 n.6 (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), and quoting *Home Ins. Co. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998)). This holds true when entering a default judgment as to some defendants could result in logically inconsistent or contradictory judgments as to others. *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806, 812 (7th Cir. 1987).

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is used to "dispose of the case on the basis of the underlying substantive merits." *Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 518 (7th Cir. 2025) (quotation omitted). "When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020) (quotation

omitted). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *Id.* (quotation omitted). "As with a motion to dismiss, the court views all facts and inferences in the light most favorable to the non-moving party." *Id.*

"Federal Rule of Civil Procedure 12(d) allows a district court to convert a motion to dismiss or motion for judgment on the pleadings into a motion for summary judgment." *Id.* Rule 12(d) provides, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (documents attached to a pleading may be considered on a Rule 12(c) motion if they are referred to in the complaint and central to the claim). "A district court has discretion as to whether to convert a motion for judgment on the pleadings into a motion for summary judgment," unless and until the court "chooses to consider materials outside the pleadings." *Federated Mut. Ins. Co.*, 983 F.3d at 313.

**B. Analysis**[1]

---

[1] At the outset, the Court finds that Rule 12(c)'s requirement that the "pleadings are closed" refers to the pleadings between the movant and the party against whom judgment is sought. Here, that means Stillwater and Nelson. Specifically, a multi-defendant suit where some have defaulted does not foreclose Rule 12(c) relief against the parties that have pleaded. *See, e.g., Cincinnati Ins. Co. v. Allen*, 347 F. Supp. 2d 586, 587–89 (C.D. Ill. 2004) (granting plaintiff's Rule 12(c) motion where one defendant did not file an answer); *In re Outlaw Lab., LLP*, 463 F. Supp. 3d 1068, 1079–80 (S.D. Cal. 2020) (reasoning that "the pleadings are closed as to the Parties to the Motion" where some defendants were in default). This is especially true where, as here, the Court cannot enter a default judgment against the absent defendants based on *Frow* (discussed further below). 82 U.S. 552, 554 (1872); *VLM Food Trading Int'l, Inc.*, 811 F.3d at 256 n.6.

Under Illinois law, an insurer's potential duty to defend the insured is determined by "compar[ing] the four corners of the underlying complaint with the four corners of the insurance contract in order to determine whether the allegations fall within, or potentially within, the policy's coverage." *Geisler v. Everest Nat'l Ins. Co.*, 2012 IL App (1st) 103834, ¶ 70 (citing *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 393 (1993)). "[W]here there is no duty to defend, there will be no duty to indemnify." *Crum & Forster Managers Corp.*, 156 Ill. 2d at 398.

There is no genuine factual dispute about whether Tiny Totts is an "Insured" under the policy. The policy at issue unequivocally provides that "Insured" means "[y]ou and residents of your household who are . . . [y]our relatives" or "[o]ther persons under the age of 21 and in your care or the care of a resident of your household who is your relative." (Docs. 1 at ¶¶ 18, 29–30). The attached coverage declaration pages of the policy name only Singleton as the policyholder, (Doc. 1-3 at 2, 4), and defines "you" and "your" as the "'named insured' shown in the Declarations and the spouse [o]f a resident of the same household," (Doc. 1-3 at 8). Confusingly, Nelson denied in her answer that Singleton was issued the policy, (Doc. 9 at ¶¶ 1, 18), but states in her brief that the policy *was* issued to Singleton, (Doc. 17 at 2–3), that she is the named insured under the policy, (*Id.* at 8), and that she is an "Insured" for purposes of coverage, (*Id.* at 7). Nelson also denied the allegation that "[t]he Policy was not issued to Tiny Totts[.]" (Docs. 1 at ¶ 31; 9 at ¶ 31). But it is clear from the pleadings that "You" in the policy indeed means the

policyholder, which is Singleton, and not Tiny Totts.[2] Thus, while Stillwater owes no duty to defend or indemnify Tiny Totts, as it is beyond doubt that Tiny Totts is not an "Insured," Singleton may yet fall within one of the policy's exceptions to the "Business" coverage exclusion.

In her tort suit, Nelson alleged Singleton owned and operated a day care facility known as Tiny Totts and that Plaintiff was a patron who paid Tiny Totts for day care services for her minor child. (Doc. 1-2 at ¶¶ 1, 3–4). The Minor's injuries, the underlying complaint alleges, occurred inside the center and under the supervision of Singleton and Tiny Totts as a "business invitee." (*Id.* at ¶¶ 3, 5–9, 20–21). The instant complaint states the same and Nelson has admitted to these allegations, (Doc. 9 at ¶¶ 15–17).

Stillwater's "Business" exclusion applies if the disputed bodily injury arose out of or in connection with a "business" "engaged in by an 'insured.'" (Doc. 1 at ¶ 19). Under the policy, a "Business" is either 1) "[a] trade, profession or occupation engaged in on a full-time, part-time or occasional basis," or 2) "[a]ny other activity engaged in for money or other compensation." (*Id.* at ¶ 20). The policy excludes the following from the "Business" definition: 1) an activity "[f]or which no insured receives more than $2,000 in total compensation for the 12 months before the beginning of the policy period," or 2) "[v]olunteer activities for which no money is received, other than payment for expenses incurred to perform the activity." (Doc. 1 at ¶ 20). The applicability of the above

---

[2] Additionally, Nelson's failure to respond to Stillwater's argument on the merits results in waiver. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

exceptions turns on material facts absent from the pleadings, such as the amount in compensation Singleton received from her day care services in the pre-policy period or whether Nelson's payment was for expenses incurred to perform the services. Accordingly, the Court cannot enter judgment at this stage as to Singleton because no evidence has been presented on the pleadings to adjudicate these issues.[3]

In summary, the Court will enter judgment on the pleadings on Count I, finding Stillwater has no duty to defend or indemnify Tiny Totts, but will deny the motion as to Count II (Singleton) as premature. The Court finds that it cannot enter a default judgment against Singleton at this time because doing so could result in logically inconsistent or contradictory judgments if Nelson prevails on the merits. *Marshall & Ilsley Trust Co.*, 819 F.2d at 812.

## III. CONCLUSION

Based on the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings is GRANTED as to Count I, and DENIED as to Count II, consistent with this Order and Opinion. (Doc. 13). Accordingly, the Court finds that Plaintiff does not owe a duty to

---

[3] It is worth noting that Stillwater relies largely on cases decided on summary judgment records. Although Illinois courts have adjudicated an insurer's duty to defend on a Rule 12(c) record, *see, e.g.*, *Bd. of Managers v. State Farm Fire & Cas. Co.*, 329 Ill. App. 3d 531, 533–34 (2d Dist. 2002), there are material facts absent from the instant record that may preclude relief for Stillwater on the merits. On that note, while Stillwater argues it was Nelson's burden to prove up an exception to the exclusion here, Stillwater has not cited any case where a court has granted a Rule 12(c) motion on this basis. Although *RSUI Indem. Co. v. McDonough Dist. Hosp.*, No. 16-cv-4177, 2017 U.S. Dist. LEXIS 159478, at *10–13 (C.D. Ill. Sept. 28, 2017), considered this exclusion-exception burden-shifting approach on a Rule 12(c) motion, the Court's ruling on the motion did not require an adjudication of disputed material facts. Denying judgment here as premature, furthermore, comports with Rule 12(c). *See Federated Mut. Ins. Co.*, 983 F.3d at 313 ("When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief. . . . Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved.").

defend or indemnify Defendant Tiny Totts in connection with the underlying lawsuit. Plaintiff's Motion for Default Judgment is therefore MOOT as to Defendant Tiny Totts, and DENIED with leave to refile as to Defendant Singleton. (Doc. 13).

ENTER: November 24, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE